Robert M. Cook (SBN 002628)
THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 W. Second Street
Yuma, Arizona 85364
Office: (928) 782-7771
Facsimile: (928) 782-7778
E-mail: robertmcook@yahoo.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEJA VU, L.L.C., aka VU TERRACE CAFÉ, aka The VU, <br><br> Plaintiff, <br><br> v. <br><br> HYATT REGENCY CORPORATION, a foreign corporation; HYATT REGENCY SCOTTSDALE RESORT, HYATT CORPORATION, a Delaware Corporation, <br><br> Defendants. | Case No. <br><br> **VERIFIED COMPLAINT** |

For its Complaint, Plaintiff Deja Vu, L.L.C., aka Vu Terrace Café, aka The Vu, by and through its undersigned attorney, hereby alleges as follows:

## NATURE OF THE ACTION

1.   This is an action for preliminary and permanent injunctive relief, damages, and attorney's fees arising out of Defendants Hyatt Regency Corporation, Hyatt Regency Scottsdale Resort, Hyatt Corporation's misappropriation of The Vu name and mark. Defendants' acts constitute trademark infringement, false designation of origin, trademark dilution, and unfair competition.

Page -1-

## THE PARTIES

2. Plaintiff Deja Vu, LLC, aka Vu Terrace Café, aka The Vu ("Plaintiff The Vu") is a domestic L.L.C., organized and existing under the laws of the State of Arizona, having its principal place of business and offices at 14815 E. Shea Boulevard., #101, Fountain Hills, Arizona 85268.

3. Upon information and belief, the Defendants, Hyatt Regency Corporation is a Delaware Corporation, and Hyatt Regency Corporation, is a foreign corporation aka Hyatt Regency Scottsdale ("Defendant Hyatt"), organized and existing under the laws of the State of Arizona, and having its principal office and place of business in Scottsdale, Arizona.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338(a) and (b), and 28 U.S.C. §1367(a).

5. Venue is proper in this district under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

6. Plaintiff The Vu Café was registered as a Trademark with the Arizona Secretary of State on or about August 23, 2004.

7. Plaintiff The Vu was first incorporated under the name of Deja Vu, L.L.C., on or about September 24, 2002 in Arizona.

8. Plaintiff The Vu has continually and consistently used the names and marks "The Vu", "The Vu Café, The Vu Terrace Café, since at least as early as 2004 as a corporate name, as trade names and as trademarks, and have, as of March 23, 2011, been using the newest name "The Vu Wine Bar & Café".

9. The Vu Café mark is frequently abbreviated to the shorthand The Vu or Vu by the public, the press and The Vu Café itself.

10. Plaintiff The Vu, also doing business as Dejavu Terrace Café, is a scenic, quaint

11. The Vu Salon & Day Spa is unique in its location, its customized services and treatments, its gifts and Café, which offers a full-service salon and day spa.

12. Plaintiff The Vu also offers one of the largest and most varied product lines for men, women and children for personal hair, nail, skin and body care services and treatments next door to the Vu Café. The Vu features hard to find gift items ranging from Madonna belts to distinctive jewelry to Gucci handbags.

13. Plaintiff The Vu has an annual sales of an estimated $1 to $2.5 million, with approximately 20-49 employees.

14. Plaintiff The Vu has continuously offered and promoted the Café as well as the Salon & Day Spa name and mark since at least as early as 2004. Through these actions, Plaintiff The Vu's name and mark has become distinctive as the source of origin of Plaintiff The Vu's goods and services, which have become uniquely associated with Deja Vu, LLC, the Vu Café, the Vu Terrace Café, the Vu Salon & Day Spa, Dejavu Terrace Café, The Vu Wine Bar & Café, and has become famous.

15. It has an annual marketing and advertising budget for every year Plaintiff The Vu has been in business.

16. Plaintiff The Vu reaches thousands of people throughout the entire state and region via its extensive advertising.

17. Plaintiff The Vu's most recent advertising relating to the Café and the Salon & Day Spa has been very well received, generating significant publicity and good will.

18. Since 2005, Defendant Hyatt began operating a restaurant called VU. Defendant Hyatt's use of the name of their restaurant VU is similar to the registered tradename of Plaintiff The Vu Café. Defendant Hyatt Seeks to Capitalize on The Vu's Reputation.

19. Plaintiff The VU opened for business in May 2003. The business of Plaintiff The VU consists of a Cafe Bistro and beauty salon. As the sole owner of VU, Plaintiff The Vu expended a substantial amount of capital on tenant improvements, equipment, supplies, brochures,

Page -3-

1  employees and outside consultants in preparation for and after the opening of VU. Plaintiff The
2  Vu also signed long-term leases for the premises to be occupied by VU, and incurred a substantial
3  amount of debt. Plaintiff The Vu registered the tradename VU Cafe with the Secretary of State
4  in the State of Arizona. Therefore, Plaintiff The Vu's business was operating beginning in May
5  2003 under the registered tradename of VU Cafe.

6      20.    Approximately eighteen (18) months after opening my business under the tradename
7  of VU Cafe, the Grand Hyatt began to use the identical name "VU". Plaintiff The Vu's business
8  is located on the border of Scottsdale and Fountain Hills, in Arizona, and the VU owned and
9  operated by Hyatt is located in northeast Scottsdale, which is adjacent to Fountain Hills on the
10 West.

11     21.    Immediately after the Hyatt opened its business under the tradename of "VU", there
12 was extensive and continuing confusion in the eyes of the public. When the public heard about
13 Plaintiff The Vu's place of business, VU, the public did not know whether it was the VU operated
14 and owned by the Hyatt or the VU owned and operated by Plaintiff The Vu. This confusion has
15 continued up through the present date.

16     22.    The business operated by Defendant Hyatt under the name VU apparently closed
17 earlier last year for a period of time for remodeling. However, the confusion continued. It is
18 difficult to determine with any degree of precision how many thousands of people were confused
19 because of the duplicate names, and as a result, did not come into Plaintiff The Vu's place of
20 business, but went to the VU at the Hyatt, or were dissatisfied with the service of product they
21 received at the Hyatt VU and as a result, told their friends that they were unhappy with Plaintiff
22 The Vu's, the "VU", and the people that heard that did not come in to Plaintiff The Vu's place of
23 business.

24     23.    The objective in opening Plaintiff's business "VU" was to increase the volume
25 of business each year, and thereby increasing the gross dollar amount of sales and net profit from
26 the operation of the business under the trade name VU Cafe. It is impossible to determine with any

THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 W. SECOND STREET
YUMA ARIZONA 85364

degree of precision the total number of people that were confused each month and either went to the Hyatt VU or did not come into Plaintiff The Vu's place of business because of the Hyatt VU.

24. Based on literally hundreds of people who have called or come to Plaintiff The Vu's place of business and informed us of the confusion, there is substantial evidence that Plaintiff The Vu's business has lost a great deal of revenue during the past four (4) years. Plaintiff The Vu believes it is conservative to estimate that Plaintiff The Vu's business has grown at a 20-25% slower rate because of the confusion related to the Hyatt VU. Based on Plaintiff The Vu's gross revenues, that loss amounts to something in the range of approximately $200,000 to $300,00 in revenue each year. Because all of Plaintiff The Vu's fixed costs including rent, taxes, insurance, advertising, equipment, etc. are costs that Plaintiff The Vu incurs on a regular basis, the revenue that Plaintiff The Vu has lost would have been primarily additional profit. Therefore, it is logical to conclude that Plaintiff The Vu has lost somewhere between $200,000 and $250,000 in profit each year because of the unfair business practice of Hyatt in using the name VU, even after they knew the name VU was registered as a tradename and that Plaintiff The Vu's business was being operated under the business name of VU.

25. In addition, since opening the VU business in May 2003, Plaintiff The Vu has been increasing the value of the brand name VU. Hyatt was informed in writing on more than one occasion that the name "VU" was a registered trade name, and that Plaintiff The Vu was operating its business under the name and style VU. Armed with that information, Hyatt has continued to engage in the unfair business practices of using the name VU, knowing that it had and would continue to injure Plaintiff The Vu and its business, as well as could diminish the brand value of the business name VU.

26. A great many businesses are sold today based on the value of the brand name. The reasons for that are logical and make a great deal of business sense. The purchaser of the business and brand name does not have to incur all of the start up expenses or ongoing expenses that have been accrued to create the value in the brand name. Rather, the prospective purchaser can purchase

the brand name, in this case, VU, and, as a result, can anticipate generating substantial revenues and profits immediately.

27. By Defendant Hyatt using the name "VU", knowing that it is a registered trade name, owned by Plaintiff The Vu, has greatly diminished the value of its brand. Because Plaintiff The Vu cannot ascertain with certainly how much greater value its brand name "VU" would have but for the unfair business practices of Hyatt, it is difficult to ascertain what the brand value of Plaintiff The Vu's business is today, compared to what it would have been had Hyatt not engaged in the unfair business practice of using Plaintiff The Vu's brand name, knowing that it was a registered trade name, even after its business had opened and operated under the name VU. The value of the brand is related directly to the volume of business that is generated by that brand. Based on the volume of Plaintiff The Vu's business, operating under the name and style "VU", this business could possibly have a value in excess of one million dollars ($1,000,000). Therefore, if Hyatt had not engaged in the unfair business practice of using the name "VU", the value of Plaintiff The Vu's brand today is in excess of one million five hundred thousand dollars ($1,500,000).

**FIRST CLAIM FOR RELIEF**
(False Designation of Origin)

28. The allegations of Paragraphs 1 through 27 are incorporated in this claim for relief.

29. Defendant's conduct constitutes a false designation of origin and a false description and representation, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

30. These actions have injured Plaintiff The Vu and continue to cause injury entitling Plaintiff The Vu to damages in an amount to be proven at trial and to injunctive relief.

**SECOND CLAIM FOR RELIEF**
(Dilution Under Arizona Law)

31. The allegations of Paragraphs 1 through 30 are incorporated in this claim for relief.

32. Defendant's use of "VU" has diluted and will continue to dilute Plaintiff Deja Vu,

L.L.C., aka Vu Terrace Café, aka The Vu, aka "VU" marks, in violation of A.R.S. §44-1448.01.

33. These actions have injured Plaintiff The Vu and continue to cause Plaintiff The Vu injury entitling Plaintiff The Vu to damages in an amount to be proven at trial and to injunctive relief.

### THIRD CLAIM FOR RELIEF
### (Trademark Infringement Under Arizona Law)

34. The allegations of Paragraphs 1 through 33 are incorporated in this claim for relief.

35. Defendant's use of "VU" infringes Plaintiff Deja Vu, L.L.C., aka Vu Terrace Café, aka The Vu, aka "VU"'s statutory trademark rights and constitutes infringement under A.R.S. §§ 44-1451 and 44-1452.

36. These actions have injured Plaintiff The Vu and continue to cause Plaintiff The Vu injury entitling Plaintiff The Vu to damages in an amount to be proven at trial and to injunctive relief.

### FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

37. The allegations of Paragraphs 1 through 36 are incorporated in this claim for relief.

38. By reason of the foregoing acts, Defendants have engaged in an unfair method of competition in violation of the common law.

39. These actions have injured Plaintiff The Vu and continue to cause Plaintiff The Vu injury entitling Plaintiff The Vu to damages in an amount to be proven at trial and to injunctive relief.

**WHEREFORE**, Plaintiff Deja Vu, L.L.C., aka Vu Terrace Café, aka The Vu, aka "VU, prays for judgment in its favor and against Defendant as follows:

A. A preliminary and permanent injunction prohibiting Defendants, their agents, servants, employees, officers, attorneys, and all other persons in active concert or participation with it from:

    1)     using any name or mark that contains Vu Terrace Café, aka The Vu, aka "VU, and/or any colorable imitations thereof, in advertising, promoting, marketing offering for sale, or providing any goods, services or information;

    2)     obtaining and/or maintaining any registration(s) that contain Vu Terrace Café, aka The Vu, aka "VU, and/or any colorable imitations thereof;

    3)     taking any action calculated or likely to induce the belief that Defendants and/or their goods or services are in any way associated, connected, affiliated, licensed, or authorized by Plaintiff The Vu;

    4)     taking any action likely to dilute, tarnish, or blur the distinctiveness of Vu Terrace Café, aka The Vu, aka "VU" marks;

B.     Ordering Defendants to amend any Articles of Incorporation they might have to change the name of "VU" to a name that does not include "VU", and/or any colorable imitations thereof with the Arizona Corporation Commission within 30 days of judgment and authorizing and directing the Arizona Corporation Commission, upon being served with a copy of the Order, thereafter to withdraw Defendants' Articles of Incorporation if Defendants fail to file the proper documentation necessary to effect the amendment;

C.     If the evidence establishes that Defendants' have placed their name or any colorable imitation thereof in business directories or lists, including Internet search engines, then ordering Defendants to request all such references to such names be deleted;

D.     Ordering Defendants to notify its alleged customers, subscribers, and correspondents, who have done business or communicated with it during the period that it has used such name(s), of its name change or that it no longer does business under these designations;

E.     Ordering Defendants to file with this Court and serve on Plaintiff The Vu within ten (10) days from the date of entry of any restraining order and/or injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms

THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 W. SECOND STREET
YUMA ARIZONA 85364

1  of the injunction in accordance with 15 U.S.C. §1116 and otherwise.

2      F.    Awarding Plaintiff The Vu all damages that it has sustained as a consequence of Defendants' acts complained of herein;

    G.    Ordering Defendants to pay over to Plaintiff The Vu all profits realized by Defendants by reason of its acts complained of herein;

    H.    Awarding Plaintiff The Vu treble damages, together with the costs of this suit, including reasonable attorney's fees and expenses and prejudgment interest;

    I.    Awarding Plaintiff The Vu punitive damages in an amount sufficient to deter other and future similar conduct by Defendants; and

    J.    Granting Plaintiff The Vu such other and further relief as the Court may deem just.

**DATED** this 24th day of June, 2011.

          **LAW OFFICES OF ROBERT M. COOK, PLLC**

          By_____
          Robert M. Cook
          Attorney for Plaintiff

Civil Cover Sheet and Complaint
Electronically filed via EFC/PACER
this _____ day of _____, 2011, to:

United States District Court of Arizona
401 W. Washington Street
Suite 130, SPC 1
Phoenix, Arizona 85003-2118

By:_____