**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deja Vu, L.L.C. aka Vu Terrace Cafe, aka The Vu,<br><br>    Plaintiff,<br><br>vs.<br><br>Hyatt Regency Corporation, a foreign corporation; Hyatt Regency Scottsdale Resort, Hyatt Corporation, a Delaware corporation,<br><br>    Defendants. | No. CV 11-01244-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's "Motion to Dismiss First Amended Complaint" (Doc. 27), Defendant's "Motion for Sanctions Pursuant to Rule 11, Fed.R.Civ.P." (Doc. 28), and "Plaintiff's Motion for a Preliminary Injunction and Request for Hearing" (Doc. 30). All motions will be denied.

Regarding Defendant's motion to dismiss, Plaintiff was required to file a response by October 11, 2011, but filed nothing. Such failure to respond could be treated as conceding the motion. LRCiv 7.2(i). However, the substance of Defendant's motion lacks merit at this stage of the case. Plaintiff's First Amended Complaint (Doc. 26) plausibly alleges Plaintiff's own use of the "The Vu" as a restaurant name, and the confusion and dilution caused by Defendant's former use of "The Vu" as a restaurant name. Although Defendant has not operated a restaurant under the "Vu" name since 2007, Plaintiff has alleged continuing confusion and loss of business caused by

Defendant's previous actions. Plaintiff's complaint therefore plausibly provides sufficient notice of the basis for its causes of action under the Lanham Act and Arizona trademark and unfair competition law. Defendant's arguments, by contrast, require an inquiry beyond the face of the pleadings and beyond the scope of judicially noticeable facts. Accordingly, Defendant's arguments are not appropriate at this stage. For the same reason, Defendant's Rule 11 motion — which largely relies on accusations that nothing Plaintiff says is true and Plaintiff knows it — will be denied.

Nonetheless, Plaintiff's conduct is troubling. Plaintiff filed a materially identical lawsuit in 2007, over which Judge Voss presided. *See Hake et al. v. VU Restaurant et al.*, No. CV07-0754-PHX-ECV (D. Ariz., filed Apr. 11, 2007). Regarding that lawsuit, Plaintiff now alleges that it was "overwhelmed by a most vigorous defense" and "conceded that the case . . . should be dismissed without prejudice to permit Plaintiff The 'Vu' to take all action necessary to update its records for tax and other purposes prior to recommencing this case. [¶] Plaintiff The 'Vu' has [now] taken any and all action necessary to withstand the global defensive attack anticipated by Defendants." (Doc. 26 ¶¶ 7–8.)

Plaintiff's assertions are not entirely forthcoming. In the previous case, Defendant filed a motion to compel discovery, and Plaintiff filed no response except a "Notice of Compliance and Service of Discovery Documents," which (according to Judge Voss) "fail[ed] to address any of the specific issues identified in the motion to compel." (CV07-0754, Doc. 38 at 1.) Defendant objected to the notice of compliance and again asked the Court to compel discovery. Plaintiff again filed no response. Judge Voss therefore granted Defendant's motion and imposed sanctions, specifically, payment of Defendant's fees and costs associated with bringing the motion to compel. (*Id.* at 2.) By separate order, Judge Voss set that sanction at $4,270.04. (CV07-0754, Doc. 44.)

Plaintiff did not comply with Judge Voss's discovery order, nor his order to pay attorneys fees and costs. Defendant therefore moved to have the case dismissed as a sanction for ignoring discovery orders, and alternatively for failure to prosecute. Plaintiff

again failed to reply to this motion, and Judge Voss dismissed the case in March 2009, but without prejudice.  According to Defendant, Plaintiff still has not paid the $4,270.04 ordered by Judge Voss.

In the previous case, Plaintiff failed to respond to Defendant's motions at least three times.  Plaintiff has begun to repeat such behavior here, having failed to respond to Defendant's motion to dismiss.  The only motion which appears to have attracted Plaintiff's attention is Defendant's Rule 11 motion.  But although Plaintiff has responded to that motion and has filed its own motion for a preliminary injunction, Plaintiff has still said nothing about Defendant's motion to dismiss.

Plaintiff will not be allowed to continue to abuse the litigation process.  If Plaintiff wishes to pursue this lawsuit, it must do so in good faith.  Plaintiff claims that it has put its documentary house in order and "taken any and all action necessary to withstand the global defensive attack anticipated by Defendants." (Doc. 26 ¶ 8.)  Therefore, before any further proceedings in this case, Plaintiff must produce to Defendant the discovery compelled by Judge Voss.  Plaintiff must also pay the discovery sanction ordered by Judge Voss.

For these reasons, Plaintiff's motion for a preliminary injunction will be denied.  If Plaintiff required nearly three years to put its case together, Defendant is entitled to a reasonable amount of preliminary discovery in response.

This order shall be deemed an order compelling discovery under Fed. R. Civ. P. 37.  Failure to comply will result in dismissal with prejudice as authorized by Fed. R. Civ. P. 37(b)(2)(A)(v).

IT IS THEREFORE ORDERED that Defendant's "Motion to Dismiss First Amended Complaint" (Doc. 27) and Defendant's "Motion for Sanctions Pursuant to Rule 11, Fed.R.Civ.P." (Doc. 28) are DENIED

IT IS FURTHER ORDERED that "Plaintiff's Motion for a Preliminary Injunction and Request for Hearing" (Doc. 30) is DENIED without prejudice to renewing the motion following sufficient discovery.

IT IS FURTHER ORDERED that, on or before November 30, 2011, Plaintiff shall: (i) comply with Judge Voss's order compelling discovery (CV07-0754, Doc. 38) except that Heidi Hake need not yet submit to another deposition (*see id.* at 2:22–23); and (ii) file a statement with this Court certifying such compliance.

IT IS FURTHER ORDERED that, on or before November 16, 2011, Plaintiff shall: (i) comply with Judge Voss's order requiring payment to Defendant of $4,270.04 (CV07-0754, Doc. 44); and (ii) file a statement with this Court certifying such payment.

Dated this 26th day of October, 2011.

_____
Neil V. Wake
United States District Judge